UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY, | No. 2:15-cv-0672-MCE-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

On March 25, 2015, plaintiff Moody Woodrow Tanksley, proceeding without counsel, filed this action, which was initially erroneously classified as a prisoner case. (ECF No. 1.) However, shortly after on April 6, 2015, the case was re-designated as a non-prisoner case. (ECF No. 3.) On April 7, 2015, in light of the re-designation, the court issued a minute order directing the Clerk of Court to forthwith send plaintiff a blank form application to proceed in forma pauperis along with a copy of the minute order. The minute order also provided that:

> Within 28 days of this order, plaintiff shall either pay the applicable filing fee or file a completed application to proceed in forma pauperis. Failure to pay the filing fee or file a completed application to proceed in forma pauperis by the required deadline will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(ECF No. 4.) Although that deadline has now passed, plaintiff has failed to either pay the filing fee or file an application to proceed in forma pauperis.

1

     The court notes that all of the court's orders and notices have thus far been returned to the court as undeliverable with an insufficient address. However, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address.[1] In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

     Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local

---

[1] While the record indicates that plaintiff's address was recently updated, this change of address was made by the court only upon recognition that plaintiff filed a notice of change of address in an unrelated action. (ECF No. 5.) To this date, plaintiff has not submitted a notice of change of address in this action despite plaintiff's continuing duty provide the court with such notice under Local Rule 182(f). In the absence of such notice, the court's service of its minute order to plaintiff's prior address was fully effective. E.D. Cal. L.R. 182(f).

Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors support dismissal. Plaintiff has not responded to the court's only order in this action, has not otherwise participated in this case since filing his original complaint, and has not provided the court with an updated address as required by the Local Rules. Thus, it appears that the court is devoting scarce judicial resources to this litigation despite plaintiff's apparent intent to abandon it.

The third Ferdik factor, prejudice to defendants, also favors dismissal. At the very least, defendant has been named in a civil action and has had progress towards resolution of the case delayed by plaintiff's failure to comply with the court's order and the Local Rules.

The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal, because the court has already attempted to provide plaintiff with clear notice of the steps he needs to take to move the case forward, i.e., by paying the filing fee or filing an application to proceed in forma pauperis. If plaintiff's application to proceed in forma pauperis had merely been deficient, or if plaintiff had otherwise communicated with the court, the court would certainly have been inclined to provide plaintiff with an opportunity to file an amended application or to first issue an order to show cause to which plaintiff could respond. However, given that all of the

3

1  court's orders and notices have thus far been returned to the court as undeliverable, it appears that
2  such further steps would be an exercise in futility.

3  The court also recognizes the importance of giving due weight to the fourth factor, which
4  addresses the public policy favoring disposition of cases on the merits.  However, for the reasons
5  set forth above, factors one, two, three, and five support a recommendation of dismissal of this
6  action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least
7  four factors support dismissal or where at least three factors 'strongly' support dismissal."
8  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
9  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general
10 public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If
11 anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with
12 the court's order and the Local Rules.

13 Nevertheless, in light of plaintiff's pro se status, and because the circumstances suggest
14 that plaintiff may not have received notice of the court's order due to his failure to comply with
15 the Local Rules, the court recommends that the action be dismissed without prejudice.

16 For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
17 DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

18 These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
20 days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
23 shall be served on all parties and filed with the court within fourteen (14) days after service of the
24 objections.  The parties are advised that failure to file objections within the specified time may
25 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
26 ////
27 ////
28 ////

4

Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: May 22, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE