UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:15-cv-0672-MCE-KJN PS<br><br><br><br>ORDER |

On July 29, 2015, plaintiff filed a motion styled as a "petition for a court ordering [sic] the [defendant Sacramento] Fire Department grant plaintiff transfers to emergency hospitals." (ECF No. 7.) As an initial matter, plaintiff's motion fails to comply with the court's local rules because plaintiff has not noticed this motion for a hearing date. See ECF No. 230(b). Moreover, the court cannot reasonably ascertain what, if any, relief plaintiff requests through this rambling and largely incoherent motion. It appears that plaintiff might be seeking a preliminary injunction against defendant Sacramento Fire Department, but the court is unable to determine based on his filing what conduct he seeks to enjoin. Accordingly, the court cannot properly consider plaintiff's motion as it is currently formulated. Furthermore, there are findings and recommendations currently pending in this case recommending that this entire action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to plaintiff's failure to timely pay the applicable filing fee or file a motion to proceed in forma pauperis. (ECF No. 6.) To date,

1

1 plaintiff has yet to comply with the court's April 7, 2015 order directing plaintiff to pay the
2 applicable fee or file a motion to proceed in forma pauperis.  (See ECF No. 4.) [1]
3     For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's July 29, 2015
4 motion (ECF No. 7) is DENIED.
5     IT IS SO ORDERED.
6 Dated:  August 3, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN/amd

---

[1] The docket reflects that the orders sent to plaintiff have been returned to the court as undeliverable.  However, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."